# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

BECKY K. SIMON

*Plaintiff-Appellant,*

v.

USAA LIFE INSURANCE COMPANY.

*Defendant-Appellee.*

On Appeal from The United States District Court
for the Middle District of Alabama, Northern Division
Docket No. 2:23-CV-00125-ECM-CWB

## PETITION FOR REHEARING AND HEARING *EN BANC*

Rebecca D. Gilliland
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
Tel: (251)308-1515
Rebecca.Gilliland@BeasleyAllen.com

W. Daniel "Dee" Miles, III.
Alison D. Hawthorne
Paul W. Evans
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343
Dee.Miles@BeasleyAllen.com
Alison.Hawthorne@BeasleyAllen.com
Paul.Evans@BeasleyAllen.com

*Counsel for Appellant*

**APPELLANT BECKY K. SIMON v. USAA LIFE INSURANCE COMPANY**

**Certificate of Interested Persons and Corporate Disclosure Statement**

The undersigned attorney of record for Appellant certifies, pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2, and 26.1-3, that the following is a complete list of persons and entities with an interest in the outcome of this case:

1. Adams and Reese LLP, counsel for Appellee

2. Beasley Allen, Crow, Methvin, Portis & Miles, P.C., counsel for Appellant

3. Beasley, Jere L. Esq., counsel for Appellant

4. Boyea, Amy B., Esq., counsel for Appellee

5. Bryan, Hon. Chad W., Magistrate Judge, United States District Court for the Middle District of Alabama

6. Chambers, James M., Esq., counsel for Appellee

7. Engelhardt, Todd D., Esq., counsel for Appellee

8. Evans, Paul W., Esq., counsel for Appellant

9. Gilliland, Rebecca D., Esq., counsel for Appellant

10. Hawthorne, Alison D., Esq., counsel for Appellant

11. Hinton & Associates Attorneys at Law, counsel for Appellant

12. Hinton, Jack B., Jr., Esp., counsel for Appellant

13. Marks, Hon. Emily C., Chief District Judge, United States District Court for the Middle District of Alabama

14. McDowell Heatherington LLP, counsel for Appellee

15. Metz, Jonathan B., Esq., counsel for Appellee

16. Miles, III., W. Daniel "Dee", Esq., counsel for Appellant

17. Simmons, C. Summer, Esq., counsel for Appellee

18. Simon, Becky K., Appellant

19. USAA Life Insurance Company, Appellee

20. United Services Automobile Association, Appellee is wholly owned subsidiary of United Services Automobile Association, which is an unincorporated association.

No publicly traded company or corporation has an interest in the outcome of the case or appeal.

## Statement of Why Reconsideration and *En Banc* Consideration is Sought

I express a belief, based upon a reasoned and studied professional judgment, that the panel decision is contrary to the following decision(s) of the Supreme Court of the United States or the precedents of this circuit and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this court:

> *Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1153–54 (11th Cir. 2019); *Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017); *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1096 (11th Cir. 2004); *Martin v. Automobili Lamborghini Exclusive, Inc.,* 307 F.3d 1332, 1336 (11th Cir. 2002)); *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405 (1990).

I express a belief, based on a reasoned and studied professional judgment, that this appeal involves one or more questions of exceptional importance:

> Whether a Complaint that otherwise satisfies all the elements of the cause of action was incorrectly dismissed under Federal Rule 12(b)(6) when the District Court applied an incorrect standard of law and improperly made a factual determination, going against binding Eleventh Circuit precedent, in reaching its decision.

*/s/ Rebecca D. Gilliland*
Attorney of Record for Appellant

Rebecca D. Gilliland
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
Tel: (251)308-1515
Rebecca.Gilliland@BeasleyAllen.com

No. 23-12693-G
APPELLANT BECKY K. SIMON v. USAA LIFE INSURANCE COMPANY

## TABLE OF CONTENTS

Certificate of Interested Persons and
 Corporate Disclosure Statement ................................................C-1

Statement of Why Reconsideration and
 *En Banc* Consideration is sought ............................................C-3

**TABLE OF CONTENTS** ........................................................i

**TABLE OF AUTHORITIES** .................................................. iii

**STATEMENT OF THE ISSUES(S) ASSERTED
TO MERIT EN BANC CONSIDERATION** .........................................1

**COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE** .............1

**STATEMENT OF FACTS** ....................................................2

**ARGUMENT** .................................................................3

 I. **Introduction** .........................................................3

 II. **Eleventh Circuit Precedent Dictates Reversal** ........................4

 III. **The Panel Improperly Made A Factual Determination Against The
  Non-Moving Party That Is Expressly Reserved For A Jury** ...............6

  A. **The reasonableness of the time USAA retained the premium payment
  must be deferred to the jury or decided in favor of Ms. Simon rather
  than against** ..........................................................7

  B. **The District Court's errors of law dictate reversal** ...............8

**CONCLUSION** ................................................................9

**CERTIFICATE OF COMPLIANCE** ...................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Chappell v. Goltsman*,
  186 F.2d 215, 218 (5th Cir.1950).............................................................. 4

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384, 405 (1990) ............................................................... C-3, 4

*Covad Commc'ns Co. v. BellSouth Corp.*,
  299 F.3d 1272, 1287 (11th Cir. 2002) ................................................. 4

*General Ins. Co. v. Killen*,
  120 So. 2d 887, 897 (Ala. 1960) ............................................................ 7

*Henson v. Celtic Life Ins. Co.*,
  621 So. 2d 1268, 1277 (Ala. 1993) ...................................................... 7

*Klay v. United Healthgroup, Inc.*,
  376 F.3d 1092, 1096 (11th Cir. 2004) ........................................... C-3, 4

*Lawrence v. Dunbar*,
  919 F.2d 1525, 1529 (11th Cir. 1990) ................................................. 4

*Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*,
  939 F.3d 1145, 1153–54 (11th Cir. 2019) ..................................... C-3, 4

*Martin v. Automobili Lamborghini Exclusive, Inc.*,
  307 F.3d 1332, 1336 (11th Cir. 2002) ........................................... C-3, 4

*Page v. Postmaster Gen. & Chief Exec. Officer of U.S. Postal Serv.*,
  493 F. App'x 994, 995–96 (11th Cir. 2012)......................................... 4

*Smith v. United States*,
  873 F.3d 1348, 1351 (11th Cir. 2017) ........................................... C-3, 7

*Sovereign Camp, Woodmen of the World v. Jones*,
  66 So. 834, 836 (Ala. 1914) ................................................................. 3

*UFP E. Div., Inc. v. Old Dominion Ins. Co.*,
   No. 3:19-CV-1113-J-34MCR, 2020 WL 4756820, at *16 (M.D. Fla. June 5,
   2020) ............................................................................................................... 4

**Rules**

11th Cir. R. 26.1-1, 26.1-2, and 26.1-3 ............................................................ C-1

Federal Rule 12(b)(6) ................................................................... C-3, 1, 5

Fed. R. App. P. 27(d)(2)(C) ....................................................................... 10

Fed. R. App. P. 32(a)(5) ............................................................................ 10

Fed. R. App. P. 32(a)(6) ............................................................................ 10

Fed. R. App. P. 32(f) ................................................................................. 10

**Statutes**

28 U.S.C. § 1332 ........................................................................................ 1

## APPELLANT BECKY K. SIMON v. USAA LIFE INSURANCE COMPANY

## STATEMENT OF THE ISSUE ASSERTED TO MERIT EN BANC CONSIDERATION

Whether a Complaint that otherwise satisfies all the elements of the cause of action was incorrectly dismissed under Federal Rule 12(b)(6) when the District Court applied an incorrect standard of law and improperly made a factual determination, going against binding Eleventh Circuit precedent, in reaching its decision.

## COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE

Ms. Simon filed her Complaint in the Circuit Court for Montgomery, Alabama, on January 20, 2023. Defendant, USAA Life Insurance Company ("USAA Life"), removed the matter on March 3, 2023, based on diversity jurisdiction under 28 U.S.C. § 1332. A few days after removal, on March 10, 2023, USAA Life filed its *Motion to Dismiss Plaintiff's Original Complaint* ("*Motion to Dismiss*") (ECF No. 7). Without hearing argument, the District Court granted the *Motion*, with prejudice, by Memorandum (ECF No. 22) and Order entered July 18, 2023 (ECF No. 23). Ms. Simon timely appealed and a Panel of the Eleventh Circuit Court of Appeals affirmed the District Court in a *per curiam* Opinion issued on March 29, 2024. That Opinion recognizes the District Court committed a legal error, utilizing the incorrect standard of law, but affirmed the grant of USAA's *Motion to Dismiss*.

Ms. Simon seeks rehearing and/or *en banc* review to address the conflict with the Panel's decision and standing Eleventh Circuit precedent in addition to misapplication of the appropriate Alabama substantive law.

## STATEMENT OF FACTS

This case involves a simple matter for the insurance carrier, but a life-altering issue, not only because of the potential outcome of this appeal but the entire basis for this litigation, for the Plaintiff/Appellant Ms. Becky Simon. After returning from Mexico and dealing with the loss of her husband, Ms. Simon discovered a notice letter, she immediately mailed a check to USAA for the full amount of the premium due on December 1, 2021. *Id.* at ¶ 36, 38, 40. On or about December 8, 2021, USAA received Ms. Simon's check, accepted the late payment, and deposited the funds into its account. *Id*. at ¶ 43. USAA was fully aware of the events surrounding Commander Simon's incapacitation and death at the time it accepted and deposited the premium payment because Attorney Talmadge Butts had previously sent a letter to USAA on Ms. Simon's behalf, informing USAA that "[t]he payment was past due because Commander Simon's health was in critical condition" and notifying it of Commander Simon's passing. *Id.* at ¶ 41-42.

Despite having prior notice of Commander Simon's death, USAA did not return Ms. Simon's payment at the time it received her check. *Id.* at ¶ 37, 43. Instead,

USAA accepted the payment, deposited Ms. Simon's check, and kept the funds for approximately forty-five days. *Id.* at ¶ 43.

The District Court, in granting USAA's *Motion to Dismiss*, did not apply the correct standard of law and if it did, improperly made a factual determination against the drafter of the Complaint. On appeal, the Panel recognized multiple, applicable Alabama substantive cases in favor of finding the District Court committed a *per se* abuse of discretion and improperly made factual determinations, but ultimately affirmed the District Court's decision. Ms. Simon timely filed this Petition for Rehearing and Hearing *En Banc.*

## **ARGUMENT**

### I. INTRODUCTION

The Eleventh Circuit Court of Appeals Panel ("the Panel") agreed with Appellant, Ms. Simon, that the District Court should have, but did not, consider whether the lapse of time between receipt and return of Appellant's past-due premium—approximately 45 days—was sufficient to warrant an inference that USAA had "elected to retain the money and thereby waive the forfeiture."[1] But, in light of this agreement with Ms. Simon, what the Panel did not do was recognize the

---

[1] *Sovereign Camp, Woodmen of the World v. Jones*, 66 So. 834, 836 (Ala. 1914).

Eleventh Circuit precedent that "[a]n error of law is an abuse of discretion *per se.*"[2] By not reversing the District Court for this error of law, despite recognizing the lower court's failure to comply with the law, the Panel not only altered long-standing principles in Alabama, but did not comply with Eleventh Circuit precedent.[3]

## II.    ELEVENTH CIRCUIT PRECEDENT DICTATES REVERSAL

Although the Panel agreed with Ms. Simon "that the district court should have, but did not, consider whether the lapse of time between receipt and return of her past-due premium—approximately 45 days—was sufficient to warrant an inference

---

[2] *Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1153–54 (11th Cir. 2019) (citations omitted); *see also Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1096 (11th Cir. 2004) ("'A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.'" (quoting *Martin v. Automobili Lamborghini Exclusive, Inc.,* 307 F.3d 1332, 1336 (11th Cir. 2002)); *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law.").

[3] *See Page v. Postmaster Gen. & Chief Exec. Officer of U.S. Postal Serv.*, 493 F. App'x 994, 995–96 (11th Cir. 2012) ("In adjudicating a motion to dismiss, the district court may not resolve factual disputes." (citing *Chappell v. Goltsman,* 186 F.2d 215, 218 (5th Cir.1950); *cf. Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990) (indicating that, under Rule 12(b)(6), the existence of disputed material facts precludes the district court from granting a motion to dismiss)); *see UFP E. Div., Inc. v. Old Dominion Ins. Co*., No. 3:19-CV-1113-J-34MCR, 2020 WL 4756820, at *16 (M.D. Fla. June 5, 2020) (agreeing with plaintiff that it is "improper on a motion to dismiss for the Court to make a determination of this factual question . . . ."); *H & S Homes, L.L.C. v. McDonald*, 823 So.2d 627, 629 (Ala. 2001); *see also Covad Commc'ns Co. v. BellSouth Corp.,* 299 F.3d 1272, 1287 (11th Cir. 2002), *cert. granted, judgment vacated,* 540 U.S. 1147, 124 S. Ct. 1143, 157 L. Ed. 2d 1040 (2004) (same).

that USAA had 'elected to retain the money and thereby waive the forfeiture'"[4] and recognized that "the question of 'a reasonable time ordinarily is a question of fact,'" the Panel interposed a new pleading requirement not previously included under any relevant law. Instead of reversing the admitted *per se* abuse of discretion, the Panel, citing to *Smith v. United States*, determined it "cannot say that the lapse of time in this case, standing alone, is legally sufficient to support a finding of waiver or estoppel."[5] Not only does *Smith* not stand for that proposition (the cited section relates to the pleading standard and a court's review of a 12(b)(6) motion), the pleading requirements of waiver and estoppel do not require more than the lapse of time; under Alabama law, the passage time, even standing alone, is sufficient for Rule 12(b)(6) purposes.  What matters is if the Plaintiff plausibly pleaded sufficient facts, taken as true with all inferences in Plaintiff's favor, to satisfy the elements of each cause of action.  Ms. Simon did so under current and binding Alabama and Eleventh Circuit law.

At a minimum, if the Panel intended to change the law, the matter should have been reversed and remanded dictating permission to amend to address the new pleading requirement imposed by the Panel.  But more to the point, the Panel should

---

[4] Panel Opinion at 8.

[5] Panel Opinion at 8.

not have altered the legal standard utilized by the District Court after recognizing the District Court did not apply the correct law. For these reasons, Ms. Simon seeks a rehearing and/or *en banc* consideration.

### III. THE PANEL IMPROPERLY MADE A FACTUAL DETERMINATION AGAINST THE NON-MOVING PARTY THAT IS EXPRESSLY RESERVED FOR A JURY

The District Court not only failed to address the timeliness question at all, but impliedly made an improper factual determination in favor of USAA. The Panel erred in not reversing to require the Motion to Dismiss be determined under the correct legal standard. Under Alabama law, at this stage of litigation, the District Court could not have made a determination regarding the timeliness of USAA's retention of the premium payment and neither should the Panel. The question of reasonableness of the time USAA retained the premiums, must be deferred to the jury—and on Motion to Dismiss, should have been decided in favor of Ms. Simon rather than against. By failing to apply the correct legal standard, the District Court committed its first error. If the District Court impliedly addressed the reasonableness factor, it determined a factual issue in favor of USAA rather than Ms. Simon, committing its second error. The Panel fell into the same trap and likewise erred.

**A.**     **The reasonableness of the time USAA retained the premium payment must be deferred to the jury or decided in favor of Ms. Simon rather than against.**

Alabama Courts have consistently found that waiver occurs when a life insurance carrier fails to return the payment *within a reasonable time*, not at *any time*.[6] Indeed, USAA and the District Court both failed to take into account that the payment was accepted, after notice of death was provided to USAA, and held for approximately forty-five days. Moreover, what amounts to an "unreasonable time" is ordinarily a question of fact under Alabama law.[7] Despite the Panel's decision to affirm the District Court, this fact question is not properly decided at motion to dismiss. Or, at least, should be decided in favor of the non-moving party rather than against. The Panel opinion got this point wrong, finding that passage of time alone was insufficient to determine if USAA's retention of the premium payment was unreasonable. Necessarily, then, the Panel engaged in a factual determination and found in a manner that is opposite to binding precedent—against rather than in favor of the non-moving party.[8]

---

[6] *See General Ins. Co. v. Killen*, 120 So. 2d 887, 897 (Ala. 1960) (Insurer waived its right to deny coverage when "the tender back of the premium . . . came too late"); *Henson v. Celtic Life Ins. Co.*, 621 So. 2d 1268, 1277 (Ala. 1993).

[7] *General Ins. Co. v. Killen*, 120 So. 2d at 897.

[8] *See Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017).

## B.     The District Court's errors of law dictate reversal.

By granting USAA's *Motion to Dismiss*, the District Court failed to read the *Complaint* as a whole, accept all factual allegations as true, and make all reasonable inferences in Ms. Simon's favor. Therefore, the District Court failed to apply the appropriate legal standard and made a factual determination reserved for the jury in favor of the *moving* party, necessitating reversal.

In addition, because the factual determination inappropriately made by the District Court and the Panel also utilized an incorrect standard of law in failing to recognize the reasonableness of premium retention is not appropriate for determination at motion to dismiss, the District Court applied an incorrect standard of law to the substantive determination of a motion to dismiss. Although the Panel properly recognized the question is ordinarily reserved for the jury, the Panel incorrectly made its own factual determination against rather than for the non-moving party in affirming the District Court.

The Panel should correct the District Court's application of the incorrect legal standard, inappropriate factual determination, and factual determination not in favor of the non-moving party. Had the District Court applied both correct legal standards, it would have determined the Complaint plausibly alleges and sufficiently states that USAA retained the policy premium for an unreasonable amount of time such that USAA cannot claim non-payment of the premium as reason for denial.

For these reasons, Plaintiff seeks a rehearing and/or *en banc* review of the Panel's decision. This Court should reverse and remand the District Court's improper dismissal of Ms. Simon's *Complaint* for review under the proper legal standard, which dictates denial of USAA's Motion to Dismiss.

## **CONCLUSION**

These issues deserve rehearing of this Court and/or *en banc* review. For all of the foregoing reasons, Appellant respectfully submits that this appeal merits a rehearing and/or hearing *en banc*.

Dated: April 18, 2024

Respectfully submitted,

*/s/ Rebecca D. Gilliland*
Counsel for Appellant

Rebecca D. Gilliland
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
Tel: (251)308-1515
Rebecca.Gilliland@BeasleyAllen.com

W. Daniel "Dee" Miles, III.
Alison D. Hawthorne
Paul W. Evans
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343
Dee.Miles@BeasleyAllen.com

Alison.Hawthorne@BeasleyAllen.com
Paul.Evans@BeasleyAllen.com

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of FED. R. APP. P. 27(d)(2)(C) because excluding the parts of the document exempted by FED. R. APP. P. 32(f), this document contains 3227 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared with a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Rebecca D. Gilliland*
PRINCIPAL

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2024, a true and accurate copy of the foregoing was filed with the Court via CM/ECF, which will send a notice of electronic filing to all counsel of record, and by paper copies sent via U.S. Postal Service.

*/s/ Rebecca D. Gilliland*

[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12693

Non-Argument Calendar

_____

BECKY K. SIMON,

Plaintiff-Appellant,

*versus*

USAA LIFE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:23-cv-00125-ECM-CWB

_____

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Becky Simon sued USAA Life Insurance Company for failure to provide benefits under a term life insurance policy her late husband purchased. USAA denied coverage because Simon's husband died two days after the policy had lapsed for nonpayment of the annual premium, and it returned Simon's late premium payment aimed at restoring coverage. Simon contends that USAA either waived or is barred from denying coverage by retaining her late premium for approximately 45 days, and that equitable tolling applies to excuse a payment missed due to incapacity of the insured. The district court rejected these arguments and granted summary judgment to USAA. After careful review, we affirm the district court.

## I.

Simon was the primary beneficiary of a $2 million 20-year-term life insurance policy from USAA held by her late husband, Jeffrey Simon, a pediatrician and former U.S. Navy Commander, with whom she raised five children. During his lifetime, Jeffrey handled all financial affairs in the Simon household, including paying the annual life insurance premium for nearly seventeen years.

Unfortunately, in 2018, Jeffrey was diagnosed with multiple sclerosis, an immune-mediated disorder that affects the body's central nervous system. Although he tried many treatment options, his condition deteriorated rapidly, and by early 2021, he was completely immobile, essentially nonverbal, and had severe cognitive

deficits. In September 2021, the Simons left for a treatment facility in Mexico in the hope of obtaining some relief for his symptoms. Sadly, Jeffrey passed away in Mexico on October 5, 2021, at the age of 57.

When Simon returned home and began managing the household finances, she discovered that Jeffrey had failed to pay the premium due in August 2021 on his USAA life insurance policy, among other bills. A letter from USAA dated September 2, 2021, notified Jeffrey that his coverage would lapse if he did not send his premium payment of $2,770 by October 2, 2021. A follow-up letter dated October 3, 2021, a mere two days before Jeffrey's death, stated that the policy had lapsed.

On December 1, 2021, the day after she found the USAA letters, Simon mailed USAA a check for $2,770 as full payment for the missed premium. Soon after, an attorney retained by Simon wrote a letter to USAA, informing the insurer that Simon had mailed the balance of the outstanding premium on December 1, 2021, that "[t]he payment was past due because [Jeffrey's] health was in critical condition," and that Jeffrey had died.

USAA received Simon's check on or about December 8, 2021, and deposited the funds. On January 21, 2022, however, USAA sent Simon a letter notifying her that Jeffrey's policy had been terminated. USAA also informed Simon that it would not provide death benefits under the policy. Simon received a check from USAA for $2,770 on January 23, 2022, refunding the premium payment.

## II.

In January 2023, Simon sued USAA in Alabama state court, alleging that it had breached the contract and acted in bad faith by refusing to pay death benefits under the policy. USAA removed the case to federal court and then filed a motion to dismiss for failure to state a claim. USAA maintained that it was not liable under any of the causes of action asserted because the policy had lapsed for nonpayment before Jeffrey's death.

USAA submitted a copy of the policy at issue[1], which provided that "[i]f a premium is not paid when due, the policy will terminate except as indicated elsewhere in the policy." Other policy terms stated that, after a missed premium, the policy would remain in force for a 31-day grace period before lapsing. If the policy lapsed "due to nonpayment of premium," coverage could be reinstated upon receipt of the unpaid premium and "[e]vidence satisfactory to [USAA] that the Insured [was] still insurable."

Simon responded in opposition, contending that USAA had waived forfeiture of the policy for nonpayment by depositing and retaining her post-lapse premium payment, that equitable tolling

---

[1] We may consider the policy at the motion-to-dismiss stage because it is central to Simon's claims and its authenticity is not disputed. *See Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) ("Under the doctrine of incorporation by reference, we may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity.").

excused the late payment due to Jeffrey's incapacity, and that USAA was equitably estopped from denying coverage.

The district court granted USAA's motion to dismiss. The court found that USAA did not waive its right to deny coverage under the policy because it had "returned Simon's overdue premium payment," that Alabama law did not support equitable tolling of the policy lapse date, and that USAA was not equitably estopped from denying coverage by temporarily retaining the overdue premium before returning it. Simon appeals.

### III.

We review *de novo* the grant of a motion to dismiss for failure to state a claim to relief. *Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017). "In assessing the sufficiency of a claim, we accept all well-pleaded allegations as true and draw all reasonable inferences in the plaintiff's favor." *Id.* We may affirm the judgment on any grounds supported by the record. *Kernal Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

Simon does not dispute that the policy lapsed for nonpayment under its plain terms. But she contends that USAA cannot avoid coverage, relying on the doctrines of waiver, equitable estoppel, and equitable tolling.

### A.

In general, when an insurance policy states that failure to pay premiums causes the policy to lapse, the insured must either pay the premiums or lose coverage. *See Haupt v. Midland Nat'l Life*

*Ins. Co.*, 567 So. 2d 1319 (Ala. 1990).  "[A]greements for the forfeiture of an insurance policy for nonpayment of premiums are valid and are enforceable by the insurer." *Grimes v. Liberty Nat'l Life Ins. Co.*, 551 So. 2d 329, 332 (Ala. 1989).

Nevertheless, "forfeitures for nonpayment of premiums are not favored" under Alabama law. *State Farm Mut. Auto. Ins. Co. v. Anderson*, 318 So. 2d 687, 689 (Ala. 1975).  The right to insist on forfeiture may be waived by the insurer, and such waiver may be implied by conduct inconsistent with the intention to exercise it. *Id.*  "[I]f the insurer, with knowledge of facts that would bar liability, recognizes such liability by treating the policy as in force, it will not thereafter be allowed to plead such facts to avoid liability." *Am. Cas. Co. v. Wright*, 554 So. 2d 1015, 1018 (Ala. 1989).

Thus, "it is settled that acceptance of premiums by an insurer, after learning of a breach of a condition or ground for forfeiture, normally constitutes a waiver or estoppel." *Henson v. Celtic Life Ins. Co.*, 621 So. 2d 1268, 1277 (Ala. 1993).  When "an insurance company accepts payment for a premium on a lapsed policy with knowledge that an accident has occurred during the period of lapse," the insurer may do one of three things: "1) return the premium for the lapsed period; 2) apply the premium from the date received forward; or 3) retain the premium and cover the loss." *Wright*, 554 So. 2d at 1017.  If the insurer chooses the first option, it "must return the premiums within a reasonable time to avoid waiver or estoppel." *Henson*, 621 So. 2d at 1277; *see Gen. Ins. Co. v. Killen*, 120 So. 2d 887, 897–98 (1960).  *Accord Glezerman v. Columbian*

*Mut. Life Ins. Co.*, 944 F.2d 146, 154 (3d Cir. 1991) ("[R]etaining an overdue premium for an extended period of time is evidence that a policy has been reinstated.").  What constitutes "a reasonable time ordinarily is a question of fact." *Killen*, 120 So. 2d at 897.[2]

Simon maintains that waiver or estoppel applies here because USAA accepted Simon's payment for the premium on Jeffrey's lapsed policy, with knowledge of his death, and then retained the premium for approximately 45 days.

Here, the district court did not err in concluding that neither waiver nor estoppel prevented USAA from denying coverage under Jeffrey's life insurance policy.  It's undisputed that the policy lapsed on October 3, 2021, under its terms, for nonpayment of the annual premium due in August 2021.  Thus, the policy, unfortunately, was not in force when Jeffrey died on October 5, 2021.  USAA also provided timely advance notice that the policy would lapse if payment was not received within the grace period ending on October 2, 2021, even though Simon was outside the country at the time.  The facts are certainly unfortunate.  But we cannot say that any of USAA's conduct is inconsistent with an intent to exercise its right to insist on forfeiture for nonpayment.

---

[2] We reject USAA's argument that these waiver or estoppel rules do not apply when the insurance contract had already terminated when the accident occurred.  *See Mobile Airport Auth. v. Health Strategies, Inc.*, 886 So. 2d 773, 783–84 (Ala. 2004) (rejecting a similar argument and holding that waiver may apply in circumstances where "no policy existed" or had been terminated).

We agree with Simon that the district court should have, but did not, consider whether the lapse of time between receipt and return of her past-due premium—approximately 45 days—was sufficient to warrant an inference that USAA had "elected to retain the money and thereby waive the forfeiture." *Sovereign Camp, Woodmen of the World v. Jones*, 66 So. 834, 836 (Ala. 1914).  But while the question of "a reasonable time ordinarily is a question of fact," *Killen*, 120 So. 2d at 897, we cannot say that the lapse of time in this case, standing alone, is legally sufficient to support a finding of waiver or estoppel.  *See Smith*, 873 F.3d at 1351.

Nothing in the complaint suggests that USAA acted with unreasonable delay in processing and returning the late premium payment within 45 days.  Nor did USAA, during the time that it retained the premium, take any other action inconsistent with exercising its right to insist on forfeiture for nonpayment.  *Cf. Nationwide Mut. Ins. Co. v. J-Mar Machine & Pump, Inc.*, 73 So. 3d 1248, 1253 (Ala. 2011) (rejecting a claim that the insurer had "waived its prior cancellation of the insurance policy by accepting [the insured's] check paying the premiums for the canceled insurance policy," where the insurer refunded the payment in accordance with the policy).  Simon knew that the policy was not in force when she sent the late premium, and that the policy's terms of reinstatement required "[e]vidence satisfactory to [USAA] that the Insured [was] still insurable," and she heard nothing to the contrary from USAA.  In these circumstances, the mere fact that USAA temporarily retained the premium does not plausibly suggest that it had "treat[ed] the policy as in force." *Wright*, 554 So. 2d at 1018.

The facts here are easily distinguishable from the cases Simon cites where Alabama courts have found waiver or estoppel by the insurance company based on delay in returning a premium. In *Henson*, for example, the insurer "continued to accept premiums on the policy until August 1989," after learning of a ground for rescission in February 1989, "and failed to tender the refund of the premiums until October 4, 1991," more than two years later. 621 So. 2d at 1275. Similarly, in *Killen*, the insurer returned the premium "over one year and six months from the time it was collected," which "came too late." 120 So. 2d at 897. Accordingly, neither *Henson* nor *Killen* supports a reasonable inference of waiver or estoppel in this case.

For these reasons, USAA was not barred by waiver or estoppel from denying coverage under the policy.

**B.**

Next, Simon relies on the doctrine of equitable tolling, arguing that it "may apply when an incompetent insured loses coverage due to their incapacity."

In extraordinary circumstances, equitable tolling may excuse a party's failure to comply with a time period specified by law. *Weaver v. Firestone*, 155 So. 3d 952, 957–58 (Ala. 2013); *Ex part Ward*, 46 So. 3d 888, 897 (Ala. 2007) (stating that equitable tolling applies in circumstances where "principles of equity would make the rigid application of a limitation period unfair"). In *Branch v. G. Bernd Co.*, for example, we held that equitable tolling applied to the "period

during which COBRA³ allows a beneficiary to elect to continue coverage under a health plan." 955 F.2d 1574, 1576, 1582 (11th Cir. 1992). We reasoned that equitable tolling was necessary to "ensure that beneficiaries receive the full 60–day election period that Congress has required." *Id.* at 1582.

Simon's cited cases do not support her claim that equitable tolling can apply to excuse the failure to make a premium payment under an insurance contract during periods of incapacity. She does not suggest that any statute or regulation is at issue here, as in *Branch*. In *Bothwell v. Primerica Life Insurance Co.*, 444 F. Supp. 3d 1337, 1343 (N.D. Ala. 2020), the court concluded that equitable tolling was "simply inapplicable" to a life insurance contract, and that it did not permit the court "to treat the Policy as if it never lapsed" for nonpayment due to incapacity. And the decision in *Jefferson v. Reliance Standard Life Insurance Co.*, 818 F. Supp. 1523 (M.D. Fla. 1993), was vacated on appeal, 85 F.3d 642 (11th Cir. 1996) (unpublished table decision).

As much as we may wish to, we cannot grant relief in this case solely as a matter of equity. Simon's breach-of-contract and bad-faith claims against USAA are based on an insurance contract, and there is no provision in the contract for tolling of the due date for premium payments. *See Ex parte Alfa Mut. Ins. Co.*, 799 So.2d 957, 962 (Ala. 2001) (stating that "a breach of the insurance contract is an element" of a bad-faith claim against an insurance company).

---

³ The Consolidated Omnibus Budget Reconciliation Act of 1985, *see* 29 U.S.C. §§ 1161–1168.

"[U]nder Alabama law, where there is no ambiguity in its terms, an insurance contract must be enforced as written." *Brock v. Old S. Life Ins. Co.*, 531 So. 2d 867, 870 (Ala. 1988). We cannot "rewrite the contract by judicial interpretation." *Id.*

For these reasons, we agree with the district court that equitable tolling does not apply here.

## IV.

In sum, we affirm the district court's grant of USAA's motion to dismiss.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

## March 29, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  23-12693-GG
Case Style:  Becky Simon v. USAA Life Insurance Company
District Court Docket No:  2:23-cv-00125-ECM-CWB

<u>Opinion Issued</u>
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

<u>Petitions for Rehearing</u>
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing <u>must</u> include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** <u>See</u> 11th Cir. R. 35-5(k) and 40-1.

<u>Costs</u>
Costs are taxed against Appellant(s) / Petitioner(s).

<u>Bill of Costs</u>
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at <u>www.ca11.uscourts.gov</u>. For more information regarding costs, <u>see</u> FRAP 39 and 11th Cir. R. 39-1.

<u>Attorney's Fees</u>
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

<u>Appointed Counsel</u>
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion